UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

AGDA BARREDA,

        Plaintiff,

vs.

OCWEN LOAN SERVICING, LLC,

        Defendant.
_____/

**COMPLAINT**

**COMES NOW,** the Plaintiff, AGDA BARREDA, by and through undersigned counsel, and brings this action against the Defendant, OCWEN LOAN SERVICING, LLC ("OCWEN"), and as grounds thereof would allege as follows:

**INTRODUCTION**

1. This is an action brought by a consumer for Defendant's violation of the Real Estate Settlement Procedures Act, 12 U.S.C §§ 2601, *et seq.* ("RESPA"), and its implementing regulations.

2. The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory agency authorized by Congress to supervise and enforce compliance of RESPA. The CFPB periodically issues and amends mortgage servicing rules under Regulation X, 12 C.F.R. § 1024, RESPA's implementing regulation.

**JURISDICTION**

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

4. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

5. Venue in this District is proper because Plaintiff resides in Miami-Dade County, Florida, and this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

## PARTIES

6. At all times material hereto, Defendant, OCWEN was and is a foreign limited liability corporation, incorporated under the laws of the State of Delaware; duly licensed to transact business in the State of Florida, and lists its registered agent as Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301-2525.

7. At all times material hereto, Plaintiff was and is a resident of Miami-Dade County, Florida, and owns a home, which is Plaintiff's primary residence, in Miami-Dade County, Florida.

8. At some point in time prior to the violations alleged herein, OCWEN was hired to service the subject loan.

9. At all times material hereto, OCWEN, is and was a loan servicer as the term is defined in 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b), that services the loan obligation secured by a mortgage upon Plaintiff's primary residence and principal dwelling, located at ***** NE 2nd Ave, Miami, Florida 33162.

## BACKGROUND AND GENERAL ALLEGATIONS

10. The subject loan is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1) and 12 C.F.R. § 1024.2(b) and referred to by OCWEN as loan number ******0740.

11. Plaintiff had legitimate concerns about specific charges that were being added to her account.

12. The status of the foreclosure process in the State of Florida has deteriorated to such an extent that even the Supreme Court of Florida could not ignore the unfortunate situation. Pino v. Bank of New York, 121 So. 3d 23, 30 (Fla. 2013) (*quoting* Pino v. Bank of New York Mellon, 57 So.3d 950, 954 (Fla. 4th DCA 2011) ("many, many mortgage foreclosures appear[ed] [to be] tainted with suspect documents").

13. Additionally, the CFPB has acknowledged that, "There is evidence that borrowers [have been] subjected to improper fees that servicers had no reasonable basis to impose, improper force-placed insurance practices, and improper foreclosure and bankruptcy practices." *78 Fed. Reg. 10902, 10906* (Feb. 14, 2013)(emphasis added).

14. In an effort to utilize the protections afforded to consumers by Congress, on or about August 13, 2015, Loan Lawyers—on behalf of Plaintiff—mailed to OCWEN a written request for information pursuant to TILA, Regulation X, and Regulation Z ("Plaintiff's RFI"). OCWEN received Plaintiff's RFI on or about August 17, 2015.

15. A true and correct copy of same is attached as Exhibit "A".

16. Plaintiff's RFI asked OCWEN to: (1) provide an accurate statement of the total outstanding balance that would be required to satisfy the above-referenced obligation in full as of a specified date ("payoff statement"); (2) identify the owner of Plaintiff's Promissory Note; and (3) provide a detailed explanation and documentation to support various charges imposed on a July 16, 2015, mortgage statement.

17. OCWEN, was obligated to acknowledge receipt of Plaintiff's RFI in writing within five (5) business days pursuant to 12 C.F.R. § 1024.36(c).

18. OCWEN, was obligated to provide a written response to Plaintiff's information requests within thirty (30) business days, which included the requested information or stated that

the "requested information is not available to the servicer" and the "basis for the servicer's determination". *See* 12 C.F.R. § 1024.36(d).

19. Having not heard from OCWEN, on September 4, 2015, Plaintiff, through his counsel, sent OCWEN's counsel a correspondence informing OCWEN that no acknowledgment, payoff statement, or ownership information regarding the loan had been received in the required timeframe.

20. A true and correct copy of same is attached hereto as Exhibit "B".

21. Thereafter, OCWEN failed to issue a written response to Plaintiff's RFI within the required timeframe under 12 C.F.R. § 1024.36(d)(2)(i)(B).

22. On October 21, 2015, OCWEN sent a correspondence to Plaintiff's counsel.

23. A true and correct copy of same is attached hereto as Exhibit "C".

24. The above-correspondence provided generic information and did not address Plaintiff's specific inquiries regarding the fees assessed to the Mortgage Loan.

25. The above-correspondence stated additional information would be forthcoming. That information never came.

26. In an attempt to amicably resolve the above issues, Plaintiff's counsel sent OCWEN a letter a second correspondence informing OCWEN that to date, Plaintiff had not received responses to Plaintiff's RFI. The letter provided OCWEN with an additional opportunity to comply with the law. OCWEN's counsel was copied on the correspondence.

27. A true and correct copy of the letter is attached hereto as Exhibit "D".

28. To date, OCWEN has failed or refused to adequately respond to Plaintiff's RFI, contrary to 12 C.F.R. § 1024.36(d)(1) and 12 C.F.R. § 1024.36(d)(2)(i)(B).

## COUNT I –VIOLATION OF 12 U.S.C. § 2605(k)

29. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 28.

30. Section 6, Subsection (k) of RESPA states in relevant part:

> **(k) Servicer prohibitions**
> **(1) In general**
> A servicer of a federally related mortgage shall not--
> …
> **(C)** fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties;
> **(D)** fail to respond within 10 business days to a request from a borrower to provide the identity, address, and other relevant contact information about the owner or assignee of the loan; or
> **(E)** fail to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.

12 U.S.C. § 2605(k)(emphasis added)

31. Sections 1024.35 (Notice of Error) and 1024.36 (Request for Information) of Regulation X were both promulgated pursuant to Section 6 of RESPA and thus subject to RESPA's private right of action. *See 78 Fed. Reg. 10696,* 10714, FN. 64 (Feb. 14, 2013)("The [CFPB] notes that regulations established pursuant to section 6 of RESPA are subject to section 6(f) of RESPA, which provides borrowers a private right of action to enforce such regulations"). *See also 78 Fed. Reg.* at 10737, 10753 (the CFPB noting that Section 1024.35 and 1024.36 implement Section 6(k)(1)(C) and 6(k)(1)(D) respectively).

32. The CFPB's authority to prescribe such regulations under Section 2605(k)(1)(E), is stated in Section 2617 of RESPA: "The [CFPB] is authorized to prescribe such rules and regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter." 12 U.S.C. § 2617.

33. OCWEN has failed to or refused to comply with 12 C.F.R. § 1024.36(d)(1) and 12 C.F.R. § 1024.36(d)(2)(i)(B) in that OCWEN did not provide an adequate response to a request for information within the required timeframe.

34. As such, OCWEN has violated 12 U.S.C. § 2605(k)(1)(E).

35. Plaintiff has hired Loan Lawyers, LLC, for legal representation in this action and has agreed to pay a reasonable attorney's fee.

36. Plaintiff is entitled to actual damages as a result of Defendant, OCWEN's failure to comply with Regulation X and RESPA, pursuant to 12 U.S.C. § 2605(f)(1)(A), including but not limited to: (1) photocopying costs and postage costs incurred in mailing Plaintiff's RFI; and (2) photocopying costs and postage costs incurred as a result of having to send additional correspondences due to OCWEN's failure to adequately respond to Plaintiff's RFI. *See* Rodriguez v. Seterus, Inc., No. 15-61253-Civ-COOKE/TORRES (S.D. Fla. 2015)(the Court finding that actual damages includes photocopying and postage costs due to servicer's noncompliance with RESPA); Saint-Fleur v. JPMorgan Chase Bank, N.A., No. 15-cv-61110-WPD (S.D. Fla. 2015); Almquist v. Nationstar Mortg., LLC, Case No 14-81178-CIV-RYSKAMP/HOPKINS at *5 (S.D. Fla. 2014)(same); Burdick v. Bank of Am., N.A., No. 14-62137-CIV, 2015 WL 1780982 (S.D. Fla. 2015)(same); McLean v. GMAC Mortg. Corp., 595 F.Supp.2d 1360, 1366 (S.D. Fla 2009)(same); Porciello v. Bank of America, N.A., 2015 WL 899942 (M.D. Fla. 2015)(same); Bryan v. Fed. Nat'l Mortg. Ass'n, 2014 WL 2988097 (M.D. Fla. 2014)(the court finding that the plaintiffs sufficiently alleged damages in the form of emotional distress, anxiety, embarrassment).

37. Plaintiff is entitled to statutory damages in an amount not greater than $2000 pursuant to 12 U.S.C. § 2605(f)(1)(B), as a result of OCWEN's pattern or practice of noncompliance with Regulation X and RESPA.

38. OCWEN has also violated Regulation X with respect to numerous loans it services, including but not limited to, the following loans:

   (1) With respect to loan number ******1709, Ocwen violated 12 C.F.R. § 1024.36(d)(2)(i)(B) by failing to provide an adequate written response to a request for information within the required timeframe.
   (2) With respect to loan number ******5374, Ocwen violated 12 C.F.R. § 1024.36(d)(2)(i)(B) by failing to provide an adequate written response to a request for information within the required timeframe.
   (3) With respect to loan number ******6137, Ocwen violated 12 C.F.R. § 1024.36(d)(2)(i)(B) by failing to provide an adequate written response to a request for information within the required timeframe.
   (4) With respect to loan number ******2152, Ocwen violated 12 C.F.R. § 1024.36(d)(2)(i)(B) by failing to provide an adequate written response to a request for information within the required timeframe.

39. Plaintiff is entitled to the costs of this action, together with a reasonable attorney's fee as determined by the court, pursuant to 12 U.S.C. § 2605(f)(3).

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, AGDA BARREDA, respectfully asks this Court to enter an order granting judgment for the following:

(a) That OCWEN be required to provide the information requested in Plaintiff's RFI;

(b) For actual damages, statutory damages, costs, and reasonable attorney's fees, pursuant to 12 U.S.C. § 2605(f); and

(c) Such other relief to which this Honorable Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, AGDA BARREDA, hereby demands a trial by jury of all issues so triable.

Respectfully Submitted,

 /s/ Aaron Silvers
Aaron Silvers, Esq.
Florida Bar No.: 104811
E-mail: asilvers@floridaloanlawyers.com
Yechezkel Rodal, Esq.
Florida Bar No.: 91210
E-mail: chezky@floridaloanlawyers.com
LOAN LAWYERS, LLC
*Attorneys for Plaintiff*
2150 S. Andrews Ave., 2nd Floor
Fort Lauderdale, FL 33316
Telephone:     (954) 523-4357
Facsimile:      (954) 581-2786